IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN CURTIS STEVENSON,** | ) | |
| Petitioner, | ) | |
| | ) | **CIVIL ACTION 16-00465-KD-MU** |
| v. | ) | **CRIMINAL ACTION 14-00135-KD-13** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

**ORDER**

This action is before the Court on Petitioner John Curtis Stevenson's' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Petition) (Doc. 724),[1] the Government's Response (Doc. 732) and the Government's Supplement (Doc. 745).

**I.    Background**

Stevenson pleaded guilty in his criminal case on September 17, 2014 (Docs. 278, 294), and judgment issued on September 22, 2015, sentencing him to a total of 82 months imprisonment (Doc. 657, 680 (as amended)).  Stevenson did not file an appeal.

On September 1, 2016, Stevenson filed a *pro se* Section 2255 petition, asserting that he signed the guilty plea based on his attorney's representation that doing so would result in receiving only time for the amount of drugs he was responsible for, but "I still got a 10 year[]" – claiming his attorney lied to him and misrepresented what would happen to him.  (Doc. 724). Stevenson seeks to vacate his sentence and to be sentenced, instead, "under the amount of drugs I sign[] for in the proffer letter, or minor role."  (Id. at 13).  In Response, the Government asserts

---

[1] Stevenson is a federal prisoner proceeding *pro se*. "[C]ourts should construe a habeas petition filed pro se more liberally…." See, e.g., Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989).

that Stevenson's motion is due to be denied without a hearing because he procedurally defaulted his claims by failing to raise them on direct appeal. (Doc. 732). Stevenson was given the opportunity to reply. (Doc. 725). To date, no reply has been filed by Stevenson.

On September 11, 2017, the Court ordered the Government to file a Supplement, addressing Stevenson's ineffective assistance of counsel claim. (Doc. 743). On September 21, 2017, the Government filed its Supplement, asserting that Stevenson's ineffective assistance of counsel claims fail because the record "plainly contradicts his claims and he has not established prejudice." (Doc. 745).

## II.     Discussion

Pursuant to 28 U.S.C. § 2255(a)-(b):

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(b) ….. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165 (1982). A petitioner who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. "[U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral

attack has remained far more limited...[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (internal citation and quotation omitted). See also Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) ("Nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in the miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure[]'") (internal citations omitted). "A habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it." Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013). However, the Court "liberally construe[s] petitions filed pro se." Id.

Upon consideration, the Court **ADOPTS** as its own reasoning the Government's Response (as supplemented) (Doc. 732, 745) and finds that Stevenson is due no relief.[2] Under the procedural default rule, a petitioner "generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). Stevenson failed to seek relief of any of his claims on direct appeal. Stevenson's petition is due to be denied due to his failure to show "cause and actual prejudice" or that he is "actually innocent[,]" as well as due

---

[2] A district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide the Court of Appeals an opportunity to engage in meaningful review. United States v. Valencia-Trujillo, 462 Fed. Appx. 894, 897 (11th Cir. 2012). The Court finds the Government's Response (Doc. 732, 745) sufficient in this regard.

to his valid appeal waiver. Bousley v. United States, 523 U.S. 614, 612 (1998); United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). See also e.g., Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (if available challenges to a federal conviction or sentence are not advanced on direct appeal, those claims are procedurally defaulted in a Section 2255 proceeding); United States v. Davis, 2010 WL 5239243, *3-4 (S.D. Ala. Dec. 14, 2010) (concluding that a petitioner procedurally defaulted on his claim that his guilty plea was involuntary because he failed to challenge it on direct review); Scott v. United States, 2008 WL 7258799, *19 (S.D. Ala. Nov. 3, 2008) (same).

Moreover, when a Section 2255 motion is filed collaterally challenging convictions obtained pursuant to guilty pleas, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). See also Bousley, 523 U.S. at 618 ("A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent[]'). Rule 11 of the Federal Rules of Criminal Procedure provides also, that the government and the defendant "may discuss and reach a plea agreement." Fed.R.Crim.P. 11(c)(1). A plea of guilty will be deemed voluntary, if before a guilty plea has been accepted, the court addresses the defendant, under oath, "personally in open court[]" and determines that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement. Fed.R.Crim.P. 11(b)(1)-(2). In the Eleventh Circuit, there is "a 'strong presumption' that statements made by the defendant during his plea colloquy are true…therefore, 'when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his

4

statements were false.'" United States v. Cardenas, 230 Fed. Appx. 933, 935 (11th Cir. 2007) (internal citation omitted).

At the plea colloquy, Stevenson stated that he had discussed his case and defenses with his counsel and after doing so, was satisfied with the advice to plead guilty and counsel's representations in general. (Doc. 719 at 10-11). Stevenson agreed his plea agreement provides that in return for his guilty plea, the Government will recommend he be sentenced at the low end of the guidelines and that if the Government determines he substantially cooperated, they will ask the Court to go below those guidelines. (Id. at 11-12). Stevenson agreed he was waiving his right to appeal the sentence, with the only exceptions being if the Court went above the statutory maximum or he received ineffective assistance of counsel. (Id. at 12-13).

Specifically, the record reveals as follows:

```
        THE COURT:  ... did each of you discuss your case with your
attorney and discuss possible defenses to this case with your attorney?
        ***
        DEFENDANT J. STEVENSON:  Yes, ma'am.
        ***
        THE COURT:  ... after discussing possible defenses to this case,
are you satisfied with your attorney's advice that you plead guilty?
        ***
        DEFENDANT J. STEVENSON:  Yes, ma'am.
        ***
        THE COURT:  ...are you satisfied with your attorney's
representation of you in general?
        ***
        DEFENDANT J. STEVENSON:  Yes, ma'am.
        ***
        THE COURT: ....Your plea agreement provides that in return for your
guilty plea, the Government is going to recommend that you be sentenced at
the low end of the guidelines.
        ***
        THE COURT:  It also provides that you are given an opportunity,
if you want to, you don't have to --
        ***
        THE COURT:  -- to cooperate.  And if the U.S. Attorney's Office
determines that you have substantially cooperated, they are going to ask me
to go below those guidelines.
        ***
        THE COURT:  Is that the way you understand your plea agreement?
```

5

```
                ***
                DEFENDANT J. STEVENSON:  Yes, ma'am.
                ***
                THE COURT:  And do you understand that it is the Government who
determines whether you've substantially cooperated and not me?  Do you
understand that?
                ***
                DEFENDANT J. STEVENSON:  Yes, ma'am.
                ***
                THE COURT:  .... you are waiving your right to appeal the sentence
that I give you.  This is very important, so listen up.  After I sentence
you, you're not going to be able to file a direct appeal or a collateral
appeal...
                Do you understand?
                ***
                THE COURT:  I want to make sure you understand that.  That's
probably one of the most important things I'm saying today.  After I
determine your sentence, that's it.
                ***
                THE COURT:  Do you understand that?
                ***
                DEFENDANT J. STEVENSON:  Yes, ma'am.
                ***
                THE COURT:  Okay.  And the only exception is if I go above the
guidelines, if I go above the statutory maximum, or you receive assistance of
counsel.  Do you understand?
                ***
                DEFENDANT J. STEVENSON:  Yes, ma'am.
                ***
                THE COURT:  Now, did you read that plea agreement and discuss it
with your attorney before you signed it?
                ***
                DEFENDANT J. STEVENSON:  Yes, ma'am.
                ***
                THE COURT:  Okay.  Did anybody promise you anything different or
something that's not included in that plea agreement?  For instance, did a
law enforcement agent tell you, "Oh, for sure, you're going to get
cooperation" or something like that?  Anything that's not in that plea
agreement?
                ***
                DEFENDANT J. STEVENSON:  No, ma'am.
                ***
                THE COURT:  Anybody force you to plead guilty?
                ***
                ***
                DEFENDANT J. STEVENSON:  No, ma'am.
                ***
                THE COURT:  Now, the maximum penalty for each of you -- each of you
are potentially facing a ten-year mandatory minimum up to life --
                ***
                THE COURT:  -- a $10 million fine, five-year supervised release,
and $100 special assessment.  Do you understand....
                ***
                THE COURT:  Mr. Stevenson?
```

DEFENDANT J. STEVENSON: Yes, ma'am.
\*\*\*

THE COURT: ….I'm telling them they are potentially facing a mandatory minimum of ten years. You just need to know that.

Now, there are some of you that are pleading to two counts.
\*\*\*

THE COURT:….Mr. Stevenson is pleading guilty to a money laundering conspiracy charge, which carries a penalty of up to 20 years in prison, $250,000 fine, three years supervised release, and $100 special assessment. …You …. understand that?

DEFENDANT J. STEVENSON: Yes, ma'am.
\*\*\*

THE COURT: Okay. Now, as to -- there are sentencing guidelines that apply to your case. You went over those with your attorney?
\*\*\*

DEFENDANT J. STEVENSON: Yes, ma'am.
\*\*\*

THE COURT: Those are just advisory. I'm not required to follow those.
\*\*\*

THE COURT: Do you understand that?
\*\*\*

DEFENDANT J. STEVENSON: Yes, ma'am.
\*\*\*

THE COURT: And also the estimate that was given is just that. It's an estimate. We won't know what your guidelines are until we've done a full background check of everything. Do you understand that?
\*\*\*

DEFENDANT J. STEVENSON: Yes, ma'am.
\*\*\*

THE COURT: Okay. Now, each of you have a right, as I'm saying, to go to trial. You pled not guilty. We would have a trial. You would be presumed innocent. The Government would have to prove each and every element beyond a reasonable doubt. At trial, you would have the right to the assistance of counsel. You would have the right to cross-examine the Government's witnesses. You'd have the right to compel witnesses to attend the trial on your behalf.

You would have the right to choose to testify or not testify. You'd have the right to -- if you chose not to testify, that fact couldn't be used against you.

But by pleading guilty today, you are giving up all those rights, and there's not going to be a trial. Do you understand that?
\*\*\*

DEFENDANT J. STEVENSON: Yes, ma'am.
\*\*\*

THE COURT: Is that what you want…
\*\*\*

THE COURT: Mr. Stevenson?

DEFENDANT J. STEVENSON: Yes, ma'am.
\*\*\*

THE COURT: How do you plead?
\*\*\*

DEFENDANT J. STEVENSON: Guilty.
\*\*\*

```
          THE COURT:  It's the finding of the Court in the case of the
United States versus...John Stevenson... that the defendants are fully competent
and capable of entering an informed plea; that the defendants are aware of
the nature of the charges and the consequences of the plea; and that the plea
of guilty is a knowing and voluntary plea supported by an independent basis
in fact containing each of the essential elements of the offense.
          The pleas are accepted....
          ****
          Mr. John Stevenson is adjudicated guilty of Counts 1 and 27.
          ***
```

(Doc. 719 (emphasis added)). Stevenson has presented nothing to overcome the strong presumption that these sworn statements were true. Cardenas, 230 Fed. Appx. at 935 ("Nothing in the record shows that Cardenas has satisfied his burden of showing that his sworn statements made during the plea colloquy-including that no one had predicted what sentence he would receive-were false; and we reject his claim that his guilty plea was involuntary[]"). Further, Stevenson affirmed that he understood he was giving the Court the power to determine an element of the offense that a jury normally determines – whether the 10 year sentence applies – as well as for the Court to determine the drug amounts:

```
          THE COURT:....each of you -- are, perhaps, contesting that maybe the
ten years does not apply to your case.  And the determination of that....that's
an element of the offense.  So you understand that you have a right to have a
jury determine how much drugs were involved?  Do you understand that?
          ***
          DEFENDANT J. STEVENSON:  Yes, ma'am.
          ***
          THE COURT:  But by that plea agreement, you are asking me to
determine the amount of drugs and by -- if I determine the amount of drugs,
once I determine that, then I'll see if that is the amount that, you know,
implicates the ten-year mandatory minimum.
          ***
          THE COURT:  So you're actually giving me the power to determine
an element of the offense that a jury normally determines.  Do you understand
that?
          ***
          DEFENDANT J. STEVENSON:  Yes, ma'am.
          ***
```

(Doc. 719 at 17-18 (emphasis added)). As such, Stevenson's petition lacks merit.

Stevenson argues that his attorney (Hughes) was ineffective because he told him that he would receive a sentence below the 10-year mandatory minimum if he plead guilty and cooperated. (Doc. 724 at 4). However, Stevenson specifically stated under oath that no one had promised him anything that was not included in the plea agreement. Stevenson's statement now, that his attorney promised him something that was not included in the plea agreement, is contradicted by the record.

Moreover, the record reveals that Stevenson plead guilty with full knowledge – per the indictment's penalty section, his probation officer's preliminary guidelines calculation, his plea agreement and the Court's warnings during his plea colloquy – that he could be subject to a mandatory 10-year sentence. Stevenson signed a certification under penalty of perjury confirming (in part) that his attorney provided him with a copy of his probation officer's preliminary guidelines calculation report, he discussed it with his attorney, and he understood that the final calculations, if he was found guilty, could be different. (Doc. 221). Stevenson acknowledged in his plea agreement that he reviewed the sentencing guidelines with his attorney and that the actual sentence imposed is solely at the discretion of the Court. (Doc. 278). During the plea colloquy, Stevenson confirmed that he was satisfied with his attorney's advice to plead guilty.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, a certificate of appealability is **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant[]"). The statute

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). See also Miller–El v. Cockrell, 537 U.S. 322, 336 (2003) ("[u]nder the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further[]"'"). As Stevenson has procedurally defaulted his claim, a reasonable jurist could not conclude that this Court is in error in dismissing his petition or in concluding that he should not be allowed to proceed further. Slack, 529 U.S. at 484 ("[w]here a plain procedural bar is present and the…court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the…court erred in dismissing the petition or that the petitioner should be allowed to proceed further[]").

### IV. Conclusion

Accordingly, it is **ORDERED** that Stevenson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 724) is **DENIED** and as a result, this action is

**DISMISSED with prejudice**.[3]  It is further **ORDERED** that Stevenson is not entitled to a Certificate of Appealability.[4]

**DONE** and **ORDERED** this the **26th** day of **October 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] As "the motion and the files and records of the case conclusively show that [Stevenson] is entitled to no relief," 28 U.S.C. § 2255(b), the Court concluded that an evidentiary hearing was not warranted under § 2255(b) and Rule 8 of the Federal Rules Governing Section 2255 Cases in the United States District Courts.

[4] Stevenson does not appear to have sought *in forma pauperis* status.